## 16420.   DODGE COUNTY LUMBER CO. *v.* TUCKER.

1. Where goods are sold for future delivery, and there is in the contract an express obligation of the buyer to make inspection at the point of shipment, it is the duty of the buyer to make such inspection within a reasonable time after such delivery, no time being stipulated in the contract; and a failure so to do will be a breach of the contract on the part of the buyer. See *Smith* v. *Webb,* 20 *Ga. App.* 313 (4) (93 S. E. 74). If, after such delivery, the seller calls upon the buyer to make such inspection, but it is not done, or at least is not reported, and the buyer keeps promising so to do, the seller has the right to rely upon such promises and to hold the goods for inspection and acceptance by the buyer, even though the goods suffer from deterioration and the damages to the seller for ultimate complete breach of the contract by the buyer are very much augmented by a continuing decline in the market value of the goods.

2. Where, in such a case, there is ultimately a positive rejection of the goods by the buyer, which is communicated to the seller, and the seller thereupon retains the goods and brings suit for damages, he is entitled to recover the difference between the contract price and the market price at the date of such ultimate rejection, which, under the facts of this case, was equivalent to the time and place of delivery, upon showing compliance on his part with the terms of the contract, even though there has been a continuous decline in market value since the goods were first delivered for inspection and acceptance, and even though there has been subsequent deterioration in the quality of the goods.

3. The verdict was supported by the evidence, as showing a substantial

compliance by the plaintiff with the terms of the contract. The evidence of the plaintiff as to such compliance was full and explicit, except that it was somewhat vague and indefinite with respect to the density of the ties. The evidence for the defendant was equally vague and indefinite as to any such shortcoming; and there was other evidence showing that the rejected ties were of the same timber as the portion accepted, from which the jury could have found a substantial compliance in this respect. The charge of the court was in conformity with the above-stated principles of law, and was not error for any reason assigned.

DECIDED NOVEMBER 16, 1925.

Action for breach of contract; from city court of Eastman— Judge O. J. Franklin. February 26, 1925.

The action was for breach of contract for the sale of 1000 crossties. The contract was in writing and provided that the ties should be hauled by the seller to the right of way of a named railroad at loading point, and there be stacked in a stated manner; the ties to come up to named specifications attached to the contract. It further provided that "all ties are to be inspected before being loaded." It was contended by the plaintiff that he made delivery of the ties, coming up to specifications, and stacked them at the designated place and in the required manner; that there was a certain number of ties already at the loading point at the time the contract was made,—about 300, and that out of this number the defendant accepted and paid for 271 ties under the contract. He further contended that the remainder of the order was there delivered as aforesaid, within the time limit of the contract; that notwithstanding that they were so delivered and the defendant was called upon to inspect and "take up" the remainder of the order, the defendant failed for several months to make any inspection, and continued writing and promising that inspection would be made as early as possible, claiming that it was impossible to make the inspection, due to other demands for inspection and scarcity of inspectors; that this went along until about July following the delivery in December, when the defendant notified the plaintiff that they would not accept the ties, on account of the fact that they were not up to contract specifications and had not been stacked as required. He further contended that during this time the market price declined very materially. The defendant contended that it should not be required to pay the plaintiff any damages, for the reason that the ties did not come up to contract specifica-

tions; that they were never stacked as required by the contract. It further contended that, instead of having failed to make the inspection as contended by the plaintiff, it made inspection very much earlier, in fact shortly after the acceptance of the 271 ties mentioned; that such inspection developed the fact that the ties were not up to the contract, and that the defendant's rejection of the ties was at once communicated to the plaintiff. The defendant contended that the reason why letters from it to the plaintiff, making frequent promises to him to have inspections made, were written was the fact that its office force had nothing to do with inspections, did not know that previous inspection and rejection had been made, and sent out such advices in the regular routine of its office business. The case was submitted to a jury, and a verdict for the plaintiff was returned. The defendant made a motion for a new trial, which was overruled, and it excepted.

*J. H. Milner, W. A. Wooten,* for plaintiff in error.

*W. S. Mann,* contra.

JENKINS, P. J. (After stating the foregoing facts.) Defendant complains that the court misstated the contentions of the plaintiff in giving instructions as to the proper measure of damages. The court charged: "The plaintiff sues for the difference between the contract price and the market price at the time and place of delivery." Movant says that confusion arose by reason of the fact that the court had just previously stated to the jury the following: "R. L. Tucker brings suit against [the defendant], alleging among other things that the defendant. . . breached its contract with him, whereby he has been damaged in the sum of $447.90." If we understand this ground of the motion, the suggestion of movant is that, on account of the continuous decline of the market price, the difference would have been less, if reckoned as of the time the ties were first placed on the right of way, than it would have been if reckoned as of the time when the defendant finally communicated its positive and final rejection of the ties. There was nothing in this charge from which the jury could have conceived that they were being instructed to measure the damages by the difference between the contract price and the market price at any time subsequent to the date of defendant's final positive rejection; and if any alleged confusion related to an earlier date than that (as it must necessarily have been, if there was any such confusion),

such charge was all the more favorable to the movant, as there was a continuing decline in the market price till the very date of the final rejection.

*Judgment affirmed. Stephens and Bell, JJ., concur.*